## HYNDS, Trustee, v. WALKER.

No. 19923. Opinion Filed May 5, 1931.

Withdrawn, Corrected, and Refiled June 2, 1931.

McKeown & Green, for plaintiff in error.

Wimbish & Wimbish, for defendant in error.

HEFNER, J. This is an action to cancel a deed to certain real estate located in Pontotoc county. The action was brought by Dave Walker against Lee Cook. Walker is a full-blood Choctaw Indian and Cook was a merchant conducting a grocery business in the city of Ada. After suit was filed Cook was adjudged a bankrupt and J. C. Hynds, trustee in bankruptcy, was substituted as a party defendant. Plaintiff in his petition seeks to avoid the deed on the ground that the land was restricted at the time the instrument was executed, and upon the further ground that the execution thereof was obtained through fraud.

The trustee answered by general denial, and further pleaded title in Cook, and prayed that title be quieted in him. He also filed a cross-petition in which he alleged that plaintiff was indebted to Cook in the sum of $142 for groceries and a garage bill and that this indebtedness constituted the consideration for the execution of the instrument, and further pleaded, in the alternative, that in the event the court found the instrument did not constitute an absolute conveyance it should hold the same to be a mortgage and decree a foreclosure thereof.

The trial court made no finding on the issue of fraud, but found in favor of the plaintiff on the ground that the land was restricted at the time of the execution of the instrument, and it was therefore void. The trial court also found that plaintiff was indebted to Cook in the sum of $142, as alleged in defendant's cross-petition, but denied him a lien on the land. Defendant appeals and urges as ground for reversal error of the trial court in refusing to hold the instrument a mortgage and decreeing a foreclosure thereof.

From the record it would seem that the plaintiff was a restricted Indian and that his restrictions had been removed at the time the conveyance was executed by him. Objection, however, is urged to the manner in which plaintiff was permitted to prove that he was a restricted Indian and to the manner in which proof was made that the restrictions had been removed. Section 3 of the Act of May 27, 1908 (35 Stat. 313), made the rolls of citizenship and of freedmen of

the Five Civilized Tribes, approved by the Secretary of the Interior, conclusive evidence as to the quantum of Indian blood of any enrolled citizen. The proper way to prove the quantum of Indian blood would be by these rolls. The plaintiff contends that he introduced the book called "The Final Rolls," but, inasmuch as the authenticity of this book is not in the record, we cannot tell whether or not it was properly authenticated.

The removal of the restrictions was proved by asking the plaintiff if his restrictions had been removed. On proper objection he of course could not be permitted to orally testify that his restrictions had been removed. The best evidence would be a certified copy of the order of removal. There was no evidence of removal other than the oral testimony. If the Indian was in fact restricted at the time the conveyance was made, it was void, unless the restrictions had been removed.

As we view the record, error was committed in the manner in which the trial court permitted the plaintiff to prove that he was a restricted Indian, and also in the manner in which the removal of restrictions were proven. In view of the fact that the case must be reversed for another trial, we think the trial court should determine whether or not the Indian was restricted and whether or not the restrictions had been properly removed at the time the conveyance was executed. If the land was free from restrictions at the time the conveyance was executed, it will then be necessary to determine whether or not the conveyance was a deed or an instrument given to secure the payment of the amount plaintiff owed Lee Cook, and whether or not there was any act of fraud committed when the conveyance was executed.

The cause is reversed and remanded for further proceedings.

LESTER, C. J., and CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., and RILEY, J., absent.